IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL CANNON,<br>an individual,<br><br>    Plaintiff,<br><br>v.<br><br>INVESTMENT GROUP, LLC,<br>a Delaware Limited Liability Company,<br><br>    Defendant.<br>_____ | Case No: 1:26-cv-00019-UNA |

## COMPLAINT

Plaintiff, MICHAEL CANNON, an individual, by and through his undersigned counsel, hereby files this Complaint and sues INVESTMENT GROUP, LLC, a Delaware Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. §§ 12181 et seq., ("Americans with Disabilities Act" or "ADA") and states as follows:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, et seq., (the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, MICHAEL CANNON, (hereinafter referred to as "MR. CANNON") is a resident of the State of Delaware.

4. MR. CANNON is a qualified individual with a disability under the ADA. In July 2011, MR. CANNON suffered a severe injury to his spinal cord which resulted in trauma to his

1

C6 and C7 vertebrae. As a result, MR. CANNON is a quadriplegic and is paralyzed from the chest down. MR. CANNON also suffers from limited dexterity in his hands due to the same incident.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities including walking and standing, and requires a wheelchair for mobility.

6. The Defendant, INVESTMENT GROUP, LLC, (hereinafter referred to as "DEFENDANT") is a Delaware Limited Liability Company registered to do business in Delaware. DEFENDANT is the owner, lessee, and/or operator of the place of public accommodation including the real property and improvements which is the subject of this action, to wit: Advance Auto Parts, generally located at 20873 Dupont Blvd, Georgetown, Delaware 19947 ("the Property"). The Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the District of Delaware.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

8. The allegations set forth in the preceding paragraphs above are incorporated by reference as if fully set forth herein.

9. The Property, a retailer of automotive parts, is a place of public accommodation and is therefore subject to Title III of the ADA.

10. MR. CANNON has visited the Property several times during the past year, regularly travels to the area where the Property is situated and plans to return to the Property in the near future for his automotive needs. MR. CANNON last visited the Property and shopped at the Advance Auto Parts store in late October 2025 to purchase replacement parts for his van.

11. During his visits, MR. CANNON experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed herein.

12. MR. CANNON intends to and will visit the Property to utilize the goods and services in the future, but fears that he will face the same barriers to access as discussed herein.

13. Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of 42 U.S.C. §§ 12181 et seq. and 28 C.F.R. §§ 36.304 et seq. by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to have accessible facilities by January 26, 1992. These barriers to access include, but are not limited to the following items which plaintiff personally observed and/or encountered at the Property:

    A. Plaintiff encountered inaccessible parking spaces throughout the Property due to a failure to provide any marked ADA parking spaces and a lack of any spaces with adjacent access aisles for disabled loading and unloading. This forced MR. CANNON to park in standard parking spaces which were not intended for disabled use and which do not provide the necessary clearance for him to extend his wheelchair ramp to exit his van. He is also at risk of being blocked into his parking space due to the lack of any adjacent access aisles for disabled use.

    B. Plaintiff encountered inaccessible parking spaces throughout the Property due to a failure to identify any ADA parking spaces for "van access" use and a lack of any ADA signage. Due to this issue, Plaintiff was unable to locate any standard ADA spaces or larger van access ADA spaces in the parking lot of the Property.

    C. Plaintiff encountered inaccessible routes from the parking lot to the Property sidewalk due to a failure to stripe the parking spaces in front of the curb ramp leading to the store entrance. Consequently, the mouth of the curb ramp leading to the store entrance is frequently blocked by parked vehicles. Due to this

issue, Plaintiff is completely prevented from entering the store when the ramp is blocked.

14. To date, the barriers and other violations of the ADA, which are readily achievable to remove, still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15. Independent of his intent to return as a patron of the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied. However, but for the above-described barriers to access, Plaintiff would visit the Property more often.

16. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendant.

17. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against DEFENDANT and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned and operated by DEFENDANT is in violation of the ADA;

B.      That the Court enter an Order directing DEFENDANT to alter the facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C.      That the Court enter an Order directing DEFENDANT to evaluate and neutralize the policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete corrective procedures.

D.      That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and that the Court award such other and further relief as it deems necessary, just and proper.

E.      That this Court award Plaintiff such other additional and proper relief as may be just and equitable.

Dated: January 8, 2026

                                        Respectfully Submitted,

                      By: */s/ Courtney Prinski*
                          Courtney Prinski (#5432)
                          Jacobs & Crumplar, P.A.
                          *Of Counsel*
                          10 Corporate Circle, Suite 301
                          New Castle, DE 19720
                          Tel.: (302) 656-5445
                          Fax: (302) 656-5875
                          E-Mail: CourtneyP@jcdelaw.com

                                -and-

                          Ku & Mussman, P.A.
                          18501 Pines Blvd, Suite 362
                          Pembroke Pines, FL 33029
                          Tel: (305) 891-1322
                          Fax: (954) 686-3976